<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| GERMILL BULL, | : | |
| Plaintiff, | : | Civil Action No. 14-cv-6838 (SRC) |
| v. | : | |
| TARGET CORPORATION, | : | OPINION |
| Defendant. | : | |

<u>CHESLER</u>, District Judge

     This matter comes before the Court upon Defendant Target Corporation's motion to dismiss Plaintiff Germill Bull's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has not submitted opposition to the motion. The Court has considered the papers filed by Defendant as well as Plaintiff's Complaint, and it will rule on the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons expressed below, Defendant's motion will be granted. Because futility has not been demonstrated, the Court will dismiss Plaintiff's claims without prejudice.

    I.    **BACKGROUND**

       **A. Factual History**

     This case involves a former Target employee who alleges that his employers fired him after he complained about their response to his workplace injury. The Court takes the following facts from Plaintiff's Complaint and assumes them to be true for purposes of this motion only.

1

Plaintiff is an African-American male who began working at Defendant Target Corporation ("Target" or "Defendant") in July of 2013. Plaintiff worked at a Target retail store located in Vauxhall, New Jersey. On one day in July shortly after Plaintiff's employment began, his employers marked him down as a "no show" for failing to arrive to work, and for failing to call out. (Compl. ¶ 10). Plaintiff contends that the shift schedule did not reflect that he was supposed to work on that day. Plaintiff was documented as having two unexcused absences during a probationary period. (Compl. ¶ 12).

On July 25, 2013, Plaintiff was injured when another employee got Oxi-clean on Plaintiff's face and eyes. Plaintiff asserts that his employers then failed to properly respond to the accident or his injury. On July 27th, Plaintiff got dust in his eyes while unloading a truck at work, which further irritated his eyes. After consulting with a doctor, Plaintiff took a few days off of work due to his eye injuries. Upon returning to work, Plaintiff's hours had been reduced, and his employers began to monitor and scrutinize his work.

On August 13, 2013, Plaintiff was informed that "he was being let go for spotty attendance[.]" (Compl. ¶¶ 38-39).

**B. Procedural History**

On August 13, 2014, Plaintiff filed suit against Defendant in New Jersey state court, alleging the following causes of action: (1) hostile work environment; (2) discrimination; (3) retaliation and wrongful termination; (4) vicarious liability; and (5) violations of the New Jersey Law Against Discrimination ("NJLAD"). On December 16, 2014, Defendant removed the action to this Court on the basis of diversity jurisdiction.

On January 5, 2015, Defendant moved to dismiss Plaintiff's complaint. Defendant argues that Plaintiff's claims of hostile work environment, discrimination, retaliation, and

2

vicarious liability are all preempted by the NJLAD. It further urges that Plaintiff's NJLAD claims must be dismissed because the Complaint fails to state a plausible claim for relief.

Defendant's motion was assigned a motion date of February 2, 2015, which gave Plaintiff until January 20, 2015 to submit opposition. As of January 28, 2015, Plaintiff had not submitted any opposition. On that date, the Court sent a letter to Plaintiff's counsel, Richard Azikiwe, alerting him that Plaintiff's opposition was past due, but nevertheless granting Plaintiff additional time to file papers. The Court adjourned the motion, giving Plaintiff until February 10, 2015, to oppose it. The Court specifically noted in the letter, "Should Plaintiff fail to submit its opposition by that date, the motion will be deemed unopposed and will be adjudicated based on Defendant's submissions." As of the date of this Opinion and Order, Plaintiff has not filed opposition with the Court. The mere fact that a motion is unopposed, however, does not mean that the movant will prevail; the Court will assess Defendant's motion to dismiss in accordance with the legal standard for such a motion.

## II. DISCUSSION

### A. Motions to Dismiss

A complaint will survive a motion to dismiss under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic v. Twombly, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). Following Iqbal and Twombly, the Third Circuit has held that to prevent dismissal of a claim the complaint must show, through the facts alleged, that the plaintiff is entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009). In other

words, the facts alleged "must be enough to raise a right to relief above the speculative level[.]'"
Eid v. Thompson, 740 F.3d 118, 122 (3d Cir. 2014) (quoting Twombly, 550 U.S. at 555).

While the Court must construe the complaint in the light most favorable to the plaintiff, it need not accept a "legal conclusion couched as factual allegation." Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007); Fowler, 578 F.3d at 210-11; see also Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice." Iqbal, 556 U.S. at 678. In reviewing a motion to dismiss under Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. See Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed.1990)).

**B. Preemption**

Defendant urges that the NJLAD preempts Plaintiff's common law claims. The New Jersey Appellate Division has held that the New Jersey State Legislature intended for the NJLAD to "encompass all those claims and damages previously available at common law[.]" Dale v. Boy Scouts of Am., 308 N.J. Super. 516, 543 (N.J. App. Div. 1998), aff'd, 160 N.J. 562, 734 (1999), rev'd on other grounds, 530 U.S. 640 (2000). Courts in this District have held that the NJLAD provides the exclusive remedy for common law claims based on the same facts. See, e.g., Gaines v. United Parcel Serv., No. 2:13-3709 (KM), 2014 WL 1450113, at *5 (D.N.J. Apr. 14, 2014); Metzler v. Am. Transp. Grp., No. 07–2066 (JLL), 2008 WL 413311, at *4 (D.N.J. Feb.13, 2008); Toscano v. Borough of Lavallette, No. 04–4412 (MLC), 2006 WL 1867197, at *9

(D.N.J. June 30, 2006); Quarles v. Lowe's Home Ctr., No. 04–5746 (GEB), 2006 WL 1098050, at *4 (D.N.J. March 31, 2006).

Here, Plaintiff asserts a violation of the NJLAD but also separately pleads common law claims based on the same factual allegations.  Because Plaintiff's allegations are actionable under the NJLAD, the Court will apply that statute exclusively.

### C. Hostile Work Environment

Plaintiff alleges that Target officials created an unlawfully hostile work environment. "New Jersey courts treat hostile work environment claims under the NJLAD the same as the Supreme Court treats hostile work environment actions under Title VII." Sgro v. Bloomberg L.P., 331 F. App'x 932, 941 (3d Cir. 2009).  To establish a claim for a hostile work environment, a plaintiff must show:  "(1) that he or she suffered intentional discrimination because of race; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the same race in that position; and (5) the existence of respondeat superior liability." Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1081 (3d Cir. 1996) (internal citations and quotation marks omitted); Weston v. Pennsylvania, 251 F.3d 420, 426 (3d Cir. 2001) (applying same five factors to assess claim of sexually hostile work environment).  New Jersey Courts have also formulated the test by holding that a plaintiff must prove that the defendants' "conduct (1) would not have occurred but for the employee's [race]; and [the conduct] was (2) severe or pervasive enough to make a (3) reasonable [African American] believe that (4) the conditions of employment are altered and the working environment is hostile or abusive." Taylor v. Metzger, 152 N.J. 490, 498 (1998).

To assess whether a work environment is hostile, courts assess factors which include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or

humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." Harris v. Forklift Sys., 510 U.S. 17, 23 (1993).

Here, Plaintiff's hostile work environment claim fails because he has not pleaded any facts suggesting that the alleged hostility he experienced at work stemmed from his status as an African American. Quite distinctly, Plaintiff pleads that he experienced a hostile work environment because he complained about a workplace injury. Plaintiff has thus not demonstrated that he plausibly suffered discrimination "because of race[.]" Aman, 85 F.3d at 1081; see also Jackson v. Campbell Soup Co., 71 F. App'x 933, 935 (3d Cir. 2003) (affirming summary judgment for employer on hostile work environment claim where plaintiff "failed to point to evidence or a relationship between the conduct complained of and his race."). The Court also notes that apart from this critical deficiency, the Complaint also appears to not allege the kind of "severe or pervasive" conduct that would be actionable under this theory. Taylor, 152 N.J. at 498. Accordingly, the Court will dismiss Plaintiff's claim.

### D. Unlawful Discrimination

Plaintiff also alleges that his employers unlawfully discriminated against him. "Discrimination claims brought under . . . [the] NJLAD must be analyzed according to the burden-shifting framework set forth by the Supreme Court in McDonnell[.]" Davis v. City of Newark, 285 F. App'x 899, 903 (3d Cir. 2008). To assess claims of employment discrimination, the Court applies a familiar burden-shifting framework set forth initially in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and later modified. That framework has three steps:

> First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection. Third, should the defendant

> carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.
>
> [Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 252-53 (1981) (internal citations and quotation marks omitted)].

To demonstrate a prima facie case, Plaintiff must show that he was (1) a member of a protected class; (2) qualified; and (3) subject to adverse employment action (4) under circumstances giving rise to an inference of discrimination. Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003). This initial burden is not onerous. See Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ., 470 F.3d 535, 539 (3d Cir. 2006) ("[T]here is a low bar for establishing a prima facie case of employment discrimination . . . . the prima facie case is easily made out[.]") (internal citations and quotation marks omitted).

If an employer articulates a nondiscriminatory justification, the plaintiff may rebut it as pretextual "by submitting evidence from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action." Keller v. Orix Credit Alliance, 130 F.3d 1101, 1108 (3d Cir. 1997) (internal citation and quotation marks omitted).

Here, Plaintiff has failed to make out a prima facie case of discrimination because he has not pleaded any circumstances that support an inference of racial discrimination. As discussed with respect to Plaintiff's hostile work environment claim, the Complaint avers that Target officials treated Plaintiff unfairly because Plaintiff complained about the response to his workplace injury; not because he is African American. Plaintiff has simply provided no facts suggestive of racial discrimination. Moreover, had Plaintiff made out a prima facie case of

7

discrimination, Target points to Plaintiff's absenteeism as the cause of his firing. Plaintiff has not rebutted that justification by pleading any facts to suggest that documentation of his absenteeism was a pretext for racial discrimination. The Court will accordingly dismiss this claim as well.

### E. Retaliation

In his Complaint, Plaintiff asserts that Target unlawfully retaliated against him. "Retaliation claims under Title VII and the NJ LAD require the plaintiff to satisfy the same elements." Joseph v. New Jersey Transit Rail Operations, 586 F. App'x 890, 893 (3d Cir. 2014). To make out a prima facie case of retaliation,

> an employee must show by a preponderance of the evidence that (1) he or she engaged in protected activity known to the employer; (2) he or she thereafter was subjected to an adverse employment decision by the employers; and (3) there was a [causal] link between the protected activity and adverse employment decision.
>
> [Joseph v. New Jersey Transit Rail Operations, 586 F. App'x 890, 893 (3d Cir. 2014) (internal citation and quotation marks omitted); see also Battaglia v. United Parcel Serv., 214 N.J. 518, 547 (2013)].

One "engages in protected activity under the LAD when that person opposes any practice rendered unlawful under the LAD." Young v. Hobart W. Grp., 385 N.J. Super. 448, 466 (App. Div. 2005). Whether a causal link exists often turns on "timing and evidence of ongoing antagonism." Joseph, 586 F. App'x at 893 (citing Abramson v. William Paterson Coll. of N.J., 260 F.3d 265, 288 (3d Cir.2001)).

Here, Plaintiff's retaliation claim fails because Plaintiff has not pleaded that he engaged in any "protected activity" under the NJLAD, nor that any actions taken against him were causally connected to a "protected activity" of any kind. Once more, Plaintiff asserts that his employers reacted negatively to his having reported a workplace accident and the response

8

thereto, which does not constitute a "practice rendered unlawful under the LAD." Young, 385 N.J. Super. at 466.  This claim will therefore also be dismissed.

### F. Vicarious Liability

Plaintiff additionally alleges a claim based on "vicarious liability."  Under the NJLAD, an employer may be vicariously liable for the conduct of a supervisor "if the employer negligently or recklessly failed to have an explicit policy that bans . . . harassment and that provides an effective procedure for the prompt investigation and remediation for such claims." Dunkley v. S. Coraluzzo Petroleum Transporters, 437 N.J. Super. 366, 379 (N.J. App. Div. 2014) (internal citations and quotation marks omitted).  For reasons discussed above, the Court has already determined that Plaintiff fails to plead an NJLAD violation, which forecloses vicarious liability based on such a violation.

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss Plaintiff's Complaint.  Because the Court is not satisfied that it would be impossible for Plaintiff to cure the deficiencies discussed in this Opinion, dismissal will be without prejudice.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  Pursuant to Federal Rule of Civil Procedure 15(a), the Court will grant Plaintiff leave to file an Amended Complaint, and the action will remain open pending that filing.  Should Plaintiff fail to file an Amended Complaint within the time provided by the Court in the accompanying Order, the action will be closed.  An appropriate Order will be filed.

        s/ Stanley R. Chesler
        STANLEY R. CHESLER
        United States District Judge

Dated:  March 17, 2015